UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENNETH WILLIAMS,**
       **Plaintiff,**                     **CIVIL ACTION NO. 06-CV-13941-AA**

    vs.

                                    **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**DR. PIPER,**                       **MAGISTRATE JUDGE MONA K. MAJZOUB**
       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendant's Motion to Dismiss this action for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) (docket no. 7) be **GRANTED**. Plaintiff's Motion for Order to Show Cause (docket no. 8) should be **DENIED**.

**II.**    **REPORT:**

      This prisoner civil rights case under 42 U.S.C. § 1983 comes before the Court on Defendant's Motion to Dismiss filed on December 1, 2006 (docket no. 7) and Plaintiff's Motion for Order to Show Cause filed on December 12, 2006 (docket no. 8). Plaintiff has filed a Response to the motion to dismiss. (Docket no. 11). Defendant moves for dismissal because Plaintiff has failed to exhaust his administrative remedies and because the allegations fail to state a claim for relief. All pretrial matters have been referred to the undersigned for decision, and these matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 5).

      *A.*    *Factual and Procedural Background*

      Plaintiff is a prisoner incarcerated at the Ryan Regional Correctional Facility in Michigan. He alleges that Dr. Piper, the physician employed at that facility, was deliberately indifferent to Plaintiff's serious medical needs by denying him access to medical personnel capable of prescribing treatment for

his chronic back pain. (Docket no. 1 at 1). Plaintiff seeks damages and declaratory relief under 42 U.S.C. § 1983 and a state law claim of negligence. (*Id.*) Dr. Piper is the only named Defendant.

Plaintiff alleges that his back pain results from injuries he sustained in an automobile collision in 1993. (*Id.* at 2). As of 1998 he had developed mild scoliosis in his lumbar spine to compensate for a 5 cm pelvic tilt. (*Id.*) Dr. Piper scheduled Plaintiff for physical therapy on December 20, 2004. However Plaintiff says that he was never notified of this scheduling and did not attend the physical therapy session. (*Id.* at 3). Plaintiff complained of back pain on May 13, 2005. Dr. Piper examined him on May 27, 2005 but prescribed no further treatment. (*Id.*) Dr. Piper again saw Plaintiff on June 5, 2005 in response to Plaintiff's complaints of back pain. Dr. Piper issued a 3/4 inch right shoe lift and told Plaintiff that he did not need physical therapy or other treatment or evaluation. (*Id.* at 3-4). Plaintiff alleges that he "kited" health care complaining of severe back pain in April and May 2006. (*Id.* at 4). A nurse prescribed aspirin and told him to apply moist heat. (*Id.*) On June 12, 2006 Dr. Piper examined Plaintiff on his complaint of severe back pain. Dr. Piper prescribed extra strength Tylenol. (*Id.* at 6).

Plaintiff alleges in his Complaint that he has exhausted all institutional remedies. (Docket no. 1 at 2). He attached one grievance form to his Complaint which is a Step I form dated July 21, 2006. (*Id.* ex. A). The "date of incident" is May 31, 2006. In this grievance, Plaintiff states that on May 31, 2006 he asked Dr. Piper if he could receive physical therapy for back pain and that Dr. Piper only prescribed Tylenol. (*Id.*) Plaintiff further explains in the form that he has been suffering for over a year and that Dr. Piper is denying him access to medical personnel capable of evaluating the source of his pain. (*Id.*) The grievance form shows that it was received at Step I on July 24, 2006. The grievance was denied because the relief was not considered medically necessary. (*Id.*) The form shows that the grievance was returned to Plaintiff on August 16, 2006. (*Id.*)

Plaintiff submitted another grievance form attached to his Response. (Docket no. 11, ex. B). This is his Step II appeal of the grievance described above. This appeal is dated August 24, 2006. (*Id.*) It is marked as being received by the Step II Respondent on August 30, 2006. The Respondent denied the appeal on October 31, 2006 because physical therapy was not indicated at the time. (*Id.*) The form reflects that it was returned to Plaintiff on November 28, 2006. (*Id.*)

B.   *Standard of Review*

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner bears the burden of showing exhaustion by attaching to his Complaint the administrative decision, if available, showing the administrative disposition of his complaint. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). "District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant." *Id.* The grievance must specifically name the person who is being sued. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The Supreme Court recently clarified that proper exhaustion requires a prisoner to comply with state procedural rules such as time limits for filing grievances. *Woodford v. Ngo* 126 S.Ct. 2378 (2006).

C.   *Exhaustion*

Plaintiff has failed to show exhaustion of his administrative remedies. He must exhaust his remedies on all three levels of the grievance process before filing this action. *Freeman*, 196 F.3d at 645. Plaintiff has not submitted a grievance form showing that he has exhausted his remedies at Step III of the grievance process. In his Response, Plaintiff argues that the Step II response to his grievance was late and that this prevented him from being able to exhaust his remedies at Step III. (Docket no. 11 at

2). However, the grievance procedures, a copy of which Plaintiff attached to his Response, allow a prisoner to file a Step III appeal if he does not receive a timely response in Step II. (*Id.* ex. A, § II.GG) ("If a grievant is dissatisfied with the response received at Step II or does not receive a timely response, s/he may send a completed Step III grievance to the Prisoner Affairs Section."). Therefore, the late response at Step II of the process did not prevent Plaintiff from appealing to Step III. Plaintiff has failed to show that he has fully exhausted his administrative remedies. This action should be dismissed without prejudice. *Freeman*, 196 F.3d at 645.

      The Court notes that even if Plaintiff had exhausted Step III of the grievance process there is a timeliness issue with regard to Step I which would also bar relief. Plaintiff submitted the Step I grievance on July 21, 2006 to grieve an incident which occurred on May 31, 2006. (Docket no. 1, ex. A). The grievance procedures require that a Step I grievance be submitted within five business days after attempting to resolve a grievable issue with staff. MDOC Policy Directive 03.02.130 § II.W. On the form Plaintiff stated that he had tried to resolve the issue with staff on May 19, 2006. There is therefore no showing that Plaintiff submitted his Step I grievance within five business days of attempting to resolve the issue with staff. His Step I grievance is therefore untimely. In his Response, Plaintiff argues that attempting to seek relief for incidents occurring more than five days prior to his submission of the grievance would have been futile pursuant to section W. (Docket no. 11 at 2). He contends that he therefore had no remedies to exhaust. However, under *Woodford*, Plaintiff's failure to abide by the guidelines for timely filing his grievance does not excuse his failure. Rather, Plaintiff failed to properly exhaust his remedies by filing an untimely grievance. *Irving v. Kelly*, 2006 WL 3511149 (E.D. Mich. Dec. 6, 2006) (applying *Woodford* to find that untimely filed grievance failed to properly exhaust issue). Therefore, an independent basis upon which to grant Defendant's motion exists, separate and apart from Plaintiff's failure to exhaust his Step III remedy.

Plaintiff filed a Motion for Order to Show Cause seeking a default judgment against Defendant for the failure to properly file an Answer or otherwise respond to the Complaint. (Docket no. 8). However, Defendant complied with the applicable time requirements under Fed. R. Civ. P. 12(a)(1)(B) which gave Defendant sixty days to respond measured from the date the request for waiver of service was sent to him. Defendant filed this Motion to Dismiss within that sixty-day period. (Docket nos. 6, 7). Plaintiff's Motion for Order to Show Cause should therefore be denied.

### III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise

response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 12, 2007   s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Kenneth Williams and Counsel of Record on this date.

Dated: January 12, 2007   s/ Lisa C. Bartlett
Courtroom Deputy